## HUGHES, ET AL. *v.* NASH.

[Abstract Kentucky Law Reporter, Vol. 6—664, 669.]

**Personal Judgment Against Married Woman.**

A personal judgment against a married woman is improper where not asked for in the petition, and where it is shown that she was a married woman when she joined in the execution of the note upon which judgment was rendered, and the fact that she became dis-covert by divorce before the date of the judgment did not author-ize it.

**Subjecting a Married Woman's Property.**

A petition on a note executed by a married woman and her husband seeking to subject her separate estate, is insufficient when it does not contain an allegation that she created the debt or that it was made for her use, or that she received the benefit of it. Such omissions, however, are cured by an amendment alleging that the land was conveyed to "the defendants;" that the money for the loan, for which the note sued on was given, was advanced and loaned to the defendant to protect her against the loss of her property and to enable her to live, and upon such allegations the petitioner is entitled to a judgment only in rem.

APPEAL FROM HENRY CIRCUIT COURT.

March 10, 1885.

OPINION BY JUDGE HOLT:

The personal judgment rendered in this case against the appellant, Sophia Hughes, was improper, first because it was not asked and no defense made to the suit, and secondly she, was a married woman when she executed the note upon which it is based, and the fact that she became dis-covert by divorce before the date of the judgment did not authorize it.

Both she and her then husband signed the note. The petition alleges that the land described in it was then her separate estate; that she intended to charge it with the debt; that it was so understood; that such was the agreement when made and therefore the plaintiff seeks to subject it.

Manifestly these allegations are insufficient for that purpose, because there is no statement that she created the debt, or that it was

made for her use, or that she received the benefit of it. *Baird et al. v. Bruning,* 84 Ky. 645. It remains then to be seen whether the defect was cured by any amendment. It is proper to notice first however, the claim of her counsel, that the petition does not show that the land named in it is her separate estate; and that the statemen in it "is her separate estate" is but a conclusion of law, and that no exhibit of title being filed, that it was necessary to allege the facts showing it to be such estate. We, however, regard it as sufficient in this respect; it is like a plea that a note contains a certain amount of usury or an untraversed allegation of title in the party, or that a defendant by his wilful neglect shot and killed the decedent. It is not necessary to set out the facts constituting the wilful neglect. In *Eastin v. Fulwiler Ms.,* Feb. 1857, it was held that a denial by a married woman that she signed a note with the intention of binding her separate estate was insufficient to cast upon the plaintiff the burden of so proving as the law then so presumed prima facie thereby holding inferentially that the allegations that she intended to bind her separate estate was sufficient. The words are a statement of fact "blended with and moulded by the law." By amendment the plaintiff alleged that the land was conveyed to "the defendants"; that the money for the loan of which the note sued on was given, was advanced and loaned to the appellant "to protect her against her loss of the property and to enable her to live."

The pleader also alleged, that the loan was made to buy necessaries for the appellee and her family, her husband included, as if the appellee was seeking to render the property liable as her general estate, but yet he does not state that it, or her interest in it is not her separate estate and while loosely drawn, yet the additional statements in the amendment should be taken in aid of the petition, and when this is done we have a statement by the plaintiff that the property described is the separate estate of the appellant; that the loan was made to her and for her benefit; and that she then intended to charge the property with it, and that it was then so understood and agreed, which in our opinion is sufficient to support the judgment in rem.

It is true that she was a married woman when the petition was filed but its allegations in the absence of a denial were nevertheless to be taken as true.

Under Civil Code, § 126, she had the right especially by reason of

the filing of the amendment to file her answer at any time before the submission of the cause, and when it was submitted and the time arrived for the court to act and determine whether the allegations were to be taken as true, she had been divorced and was sui juris.

The judgment is reversed but only to the extent of the personal judgment against the appellant.

Judgment *reversed*.

DISSENTING OPINION BY JUDGE PRYOR:

In this case an effort is being made by the creditor to subject the real estate of the wife to the payment of the following note: "One day after date, I promise to pay J. Martine one hundred dollars for value received and signed.

A. I. HUGHES,<br>
SOPHIA HUGHES."

The legal presumption arising from the face of the paper is that it was the husband's debt, and that the wife was the mere security. The intention to bind' her separate estate, if she had any, might arise if the note was signed by herself alone, or the intention might be inferred on a just note if the wife could bind her separate estate for the debt of the husband as was the case at common law.

But now she can not do so and the exemption of such an obligation as this shows it to be the debt of the husband and not the wife.

The house and two lots are described and as alleged in the pleadings of the appellee, one is an elegant cottage worth $1,000 and the other lot worth $150. Both lots were sold for $169 and appraised at $550 and no redemption being made or offered, a deed was made to the purchaser. The husband and wife are both sued, and the allegation made that the money loaned to the defendant (what defendant is not stated), and it was so understood that said property which is her separate estate should be charged by said loan, as her husband who was then living with her was insolvent and could not have borrowed anything without such an agreement which was made and agreed to by the parties at the time. In accordance with the understanding the said Sophia was frequently permitted to pay. This is the whole of the petition and upon which process was exe-

cuted. It presents no cause of action against the wife, not even a defective cause of action.

After this petition is filed, an amendment is made alleging that the husband and wife have been divorced and the lots can be divided. Then a second amended pleading alleged that the money was loaned defendant to pay back taxes and prevent the property from being sold and to purchase necessaries; that said money was loaned to his aunt to protect her property and to enable her to live. There was no appearance by the wife and no service of process on either amendment but a judgment by default, and the entire property sold for $169.

This court has adjudged in more than one MS. opinion that the charge that the estate of a married woman is liable because of necessaries furnished must be sustained by proof in order that the chancellor may know what equitable claim the plaintiff has. See *Riley v. Filmore*, 11 Ky. Opin. 745. If necessary to show by proof what constitute necessaries in seeking to subject the general estate of the wife, it would be equally as important in attempting to subject her separate estate. But it is agreed that the disability of coverture had been removed and that the wife was then enabled to make her defense.

How has the chancellor been informed that this disability no longer continues? By an amended petition alleging the disability no longer exists which for the first time by induction, alleges a loan to the wife. The married woman is converted into a feme sole. A cause of action made against her for the first time by the amendment in the absence of an appearance or process served and a judgment by default subjecting her property as if she was a feme sole.

Beside there is no proof whatever in the record showing that she held the property as her separate estate. The deed was not filed and the opinion rendered upon the bare statement made "it was so understood that property which is her separate estate should be charged by said loan." This is not an averment that it was the separate estate of the wife and certainly should not be construed in the favor of the pleader; that it is separate estate is purely a question of law. Will the chancellor upon the mere allegation of that sort with no exhibit of the wife's title subject her estate to the payment of a debt which by the obligation itself shows the husband to be pri-

marily liable. If this was a case depending on the record alone conceding that the allegations are sufficient to maintain the action the judgment should be for the wife.

The chancellor by his judgment by default, adjudged without proof that the note was executed in part for necessaries. That the land was her separate estate and lastly that she was a feme sole by reason of the divorce. I must dissent from the opinion rendered.

*Carroll & Barbour, for appellant.*
*Wm. Thorne, for appellee.*