LUCINDA CASEY, ET AL. *v.* J. M. HARWOOD.

[Abstract Kentucky Law Reporter, Vol. 7—602, 604.]

**Liability of Married Women.**

A married woman may bind her separate estate for debts created for her own use and benefit. She may do so by her express contract or an implied one to be gathered from the use to which whatever may be obtained under it is applied.

**Married Women May Not Become Sureties.**

A married woman can not bind herself by a contract of suretyship, and where she does not receive the consideration but it goes to her husband or another she may successfully plead that she is surety only and that she was at the date of the contract sued upon a married woman.

## APPEAL FROM SHELLEY CIRCUIT COURT.

February 13, 1886.

OPINION BY JUDGE HOLT:

The appellee, J. M. Harwood, brought this action to subject the life estate of appellant, Lucinda Casey, in a small tract of land to the payment of a note executed by both her and her husband, and which reads as follows:

"February 8, 1877.

One day after date for medical services rendered myself and family at my instance and on my promise to pay, I agree to pay J. M. Harwood or order, $6 with eight per cent. interest until paid.

LUCINDA CASEY,
SHADROCK CASEY."

Mrs. Casey filed both an answer and an amended answer; a demurrer was sustained to both, and their statements therefore must be taken as admitted. In them it is alleged that she is now, and was when she signed the note, a married woman; that it was not given for her debt, but that of her husband; that she was only surety in it; that the medical services named in it were not rendered at her instance or her request; that upon the contrary they were rendered to her husband and the credit given to him; that his note alone was first taken for the debt, and several years after the one sued on was given in lieu of it; that she is uneducated and did not understand the contents of the note when she signed it; that the services were not rendered for her, and that she never promised to pay for them.

It is conceded that her interest in the land was separate estate. It is unnecessary to notice at length the other objections to the judgment, which are urged by counsel. Among them are these: That the note has been miscopied by the clerk and was in fact executed, and is in fact dated, on February 8, 1879; that therefore it was error to render a judgment upon it bearing eight per cent. interest, as at the last named date the law allowing that rate was not in force; also, that the judgment should have directed an appraisement of the land as the law so required after April, 1878; and that this should have been done before the sale. The original note, however, is not with the record, and we can not therefore

inspect it; moreover, it is alleged in the petition, and not denied, that it was executed on February 8, 1877.

The judgment directed that the commissioner, who was ordered to make the sale, should first allot to the appellants a homestead. It is urged, however, that they were not allowed to select it and that it should have been allotted by two housekeepers. The last objection is not well taken, and the record does not show that they claimed the right to choose the part to be allotted as a homestead. Exceptions were filed to the allotment as made; but the action of the court upon them would not authorize a reversal as the testimony as to whether it was a fair one is somewhat conflicting.

We return now to the first question presented. The action of the court in sustaining the demurrers to the answer was not excepted to; but it was the answering term; and the court, after doing so, at once rendered a judgment. It can not, therefore, be sustained, if the answer as amended presented a valid defense. *Coffman v. Wilson,* 2 Metc. (Ky.) 542. Even admitting that the note recited that the services had been rendered to Mrs. Casey and her family at her instance and on her promise to pay for them, and that the language of the note upon this subject referred to her, yet she was not thereby estopped from showing otherwise. As the record stands the contrary is admitted.

Under the present law a married woman may bind her separate estate for debts created for her own use and benefit. She may do so by her expressed contract, or an implied one to be gathered from the use, to which whatever may be obtained under it is applied; but only in this way can she do so. *Baird v. Bruning,* 84 Ky. 645, 4 Ky. L. 206.

It follows that the judgment must be and is reversed, with directions to overrule the demurrer to the answer as amended and for further proceedings consistent with this opinion.

Judgment *reversed.*

*L. C. Willis, J. W. Head, for appellants.*

*J. T. Harwood, for appellee.*