CASE 49—EQUITY—FEBRUARY 18, 1881.

# Hirschman v. Brashears, &c.

APPEAL FROM CARROLL CIRCUIT COURT.

1. The will creates in Mrs. Brashears a separate estate.
2. The power to sell the separate estate of the wife does not include the power to mortgage for the debts of the husband.

JNO. & J. W. RODMAN AND MASTERSON & GAUNT FOR APPELLANT.

1. The will does not prevent any of the devisees from subjecting the estate devised to the payment of any debt they may bind themselves to pay. (Petty v. Malier, 14 B. Mon., 247; 5 B. Mon., 327; 7 Bush, 461.)
2. It is against the policy of the law that property shall be given to a person, and that the devisee shall not be able to dispose of it.

J. A. DONALDSON FOR APPELLEE.

The will makes the property the separate estate of Mrs. Brashears, and interdicts its conveyance, by mortgage or otherwise, to pay her husband's debts. (Griffith v. Griffith, 5 B. Mon., 144; Hutchinson v. Jones, 1 Duv., 76; Shackleford v. Collier, 6 Bush, 157; 8 Ib., 395; 18 B. Mon., 306; 3 Met., 244; 17 B. Mon., 59; 2 Bush, 115.)

CHIEF JUSTICE COFER DELIVERED THE OPINION OF THE COURT.

The intention of the devisor that the land should not be made subject to the husband's debts is very clear from the will, and this intention would be disregarded if a judgment enforcing the appellant's mortgage was rendered.

In our opinion, the will creates in Mrs. Brashears a sep-arate estate; and although she and her husband may have had power to sell it, or her interest in it, they could not mortgage it to secure his debt. The statute provides that the separate estate of a married woman may be sold and conveyed by her and her husband, and trustee, if there be one, but that no such sale shall be made when forbidden by the deed or will under which it is held, "but her interest in the proceeds shall be the same as it was in the estate;" thus showing, that in giving power to sell, it was not the purpose of the Legislature to include in it the power to mortgage for the husband's debts, which would defeat the right of the wife to a separate estate in the proceeds.

Judgment affirmed.