Magill, &c., v. Mercantile Trust Co., &c.

CASE 20—EQUITY—MAY 1, 1883.

# Magill, &c., v. Mercantile Trust Co., &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. No specific words are necessary to create a separate estate in a married woman. The language used in the deed creates a separate estate.
2. A married woman cannot mortgage her separate estate for her husband's debt, but she can for her own.
3. A matter is not *res adjudicata* although involved in a previous action which was dismissed "without prejudice."
4. The amount embraced in the mortgage to the agent for negotiating loan was usurious, and though the first mortgage was surrendered and a new one executed containing the commission, the statute of limitations begins to run from the new loan only.
5. Usury can be recovered as long as it can be traced. The forfeiture being in the nature of a penalty, cannot be enforced after the repeal of the law authorizing it. ·

VOL. LXXXI.—9

Magill, &c., v. Mercantile Trust Co., &c.

WALTER EVANS FOR APPELLANT.

1. The language used in the deed to Mrs. Magill creates in her a separate estate. (Guishaber v. Hairman, 2 Bush, 321; 2 Story's Equity Juris., sec. 1382; 2 Roper on Legacies, * pp. 1414, 1415; —— v. Lyne, 1 Younge, 562; 1 Bishop Law of Married Women, sec. 828; Ex parte Ray, 1 Madd. Ch., 119; Adamson v. Armitage, 19 Vesey, 416; Lindsell v. Thacker, 12 Simons, 178; Lamb v. Milnes, 5 Vesey, 517; Rich v. Cockrill, 9 Vesey, 377; Wills v. Sayers, 4 Madd. Ch., 409; Pritchard v. Hines, 1 Tur. & Rus., 222; Stanton v. Hall, 2 Rus. & Mil., 175; Tyne v. Hope, 2 Atkins, 561; Hutchinson v. James, 1 Duvall, 76; Hathaway v. Yeaman, 8 Bush, 395.)

2. Separate estate cannot be mortgaged for husband's debts. (Hirschman v. Brashear, MS. Opin., Law Rep., April, 1881; City of Paducah v. Duke, MS. Opin., Law Rep., April, 1881.)

3. The debts sued upon are not the wife's, because evidence thereof not signed by her, nor were they given for necessaries, nor was credit given her. (General Statutes, 519; Gatewood v. Bryan, 7 Bush, 511; McMahon v. Lewis, 4 Bush, 138; Pelle v. Cole, 2 Met., 253; Bergin v. Forsythe, 17 B. M., 556; 12 B. M., 91; 2 Met., 253; Robinson v. Huffman, 15 B. M., 82.)

4. All the old debts were paid, and this novation being intended as a payment by the parties, the court will so treat it. (Sheehy v. Manderville, 6 Cranch, 264; Dowhey v. Hicks, 14 How., 249; Letcher v. The Bank, 1 Dana, 84; Rudy v. The Bank, 2 Bush, 331; Story on Promissory Notes, secs. 404 and 438; 2 Greenleaf on Evidence, sec. 519.)

5. There was no subrogation. (Joyce v. Joyce's adm'r, 1 Bush, 476; Hunter v. Richardson, 1 Duvall, 248; Veach v. Wickersham, 11 Bush, 263; Bridge Co. v. Douglas, 12 Bush, 714; Dixon on Subrogation, pp. 11, 167, 168.)

6. Commissions were usury. (Payne v. Newcomb, Supreme Court of Illinois, Chicago Legal News, 1881 (delv.), 103; Lloyd v. Colston, 5 Bush, 590; 14 Bush, 214; 2 Peters, 537; sec. 4, art. 2, ch. 60, Gen. Stat., 565; Gist v. Smith, 78 Ky., 368; Rudd v. Planters' Bank, 70 Ky., 513; Aaron v. Mendel, 78 Ky., 427.)

RODMAN & BROWN FOR APPELLEES.

1. The real estate embraced in the mortgage is not separate estate. (Petty v. Malier, 14 B. Mon., 247; Bowman v. Sebree, 2 Bush, 115; Johnson v. Ferguson, 2 Met., 508.)

2. The case of Hirschman v. Brashear, MS. Opin., Feb., 1881, does not apply to this case.

3. The wife can charge her separate estate, and subject it to sale to pay debts contracted by her and her husband. (15 B. M., 327; Lillard v. Turner, 16 B. M., 376; Gen. Stat., ch. 52, art. 4, sec. 17.)

4. There was no illegal charge of interest.

Magill, &c., v. Mercantile Trust Co., &c.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

Appellant, T. W. Magill, borrowed of appellees three thousand five hundred dollars, for the security of which he and his wife executed a mortgage on the undivided half interest of the wife in certain real estate. Subsequently, the amount of the loan was extended to five thousand dollars, the old mortgage canceled, and a new one executed by Magill and wife on the entire property, the wife having acquired title to the other half. The terms of the bond, executed to the Trust Company, were to the effect that a default in paying interest authorized the company to treat the principal of the debt as due, and to proceed to its collection. There was an alleged failure to pay interest, and a suit by the company to recover the debt. On issue formed, and proof heard, the court entered a judgment dismissing the petition "without prejudice." In the last action, the court, on the maturity of the debt, subjected the property to its payment, allowing certain deductions on account of usury.

The first question made is, did Mrs. Magill acquire a separate estate under the conveyance to her of the last undivided half of the property referred to?

The materiality of this consists in the fact that it is claimed by appellant that the debt for which the mortgage was executed was the debt of the husband, and the property being the separate estate of the wife, could not be bound in this way. The deed is to Magill and wife by name, with this provision in the body of the deed: We hereby "convey to Mrs. Hattie E. Magill, one of the parties of the second part, for her sole use and benefit, and her heirs and assigns forever," the land described. In order to create a separate estate at common law, or under the

statute, the language of the deed must clearly manifest an intention to place the property beyond the use and control of the husband. No specific words are necessary to the creation of the estate. We are of the opinion that the intention to create such an estate is manifest from the language used in this deed, and therefore Mrs. Magill holds this property as separate estate.

As held in Hirschman v. Brashear, &c., 79 Ky., 258, the wife cannot, under the statute, bind her separate estate by mortgage for the debt of her husband, but her power to mortgage for her own use and benefit is incidental to the power to sell for that purpose; and as the evidence in the record shows that the money received on the mortgage was applied in discharge of liens on the two tracts or interests of the wife in the land, the debt is in effect the debt of the wife and not that of the husband, and the mortgage is therefore binding.

It is insisted that the court erred in allowing interest found to be due prior to the institution of the first suit; that that matter is *res adjudicata*. It will be observed that the judgment in that case was a dismissal *"without prejudice,"* and we must therefore presume that the case was not disposed of on its merits, in which case there is no bar. A dismissal without prejudice leaves the parties as if no action had been instituted. (Durant v. Essex Co., 7 Wall., 109; Freeman on Judgments, sec. 270.)

It is also claimed that the court erred in refusing to allow appellants the sum of $87.50, commissions paid to the agents of the company on the first loan, because its exaction was a device to obtain more than ten per centum, the then legal rate of interest. We are of the opinion that this complaint is well founded. The commission was embraced

in the first loan, and continued into the last, so that the statute of limitations does not apply to it. So long as it can be traced into the renewed debt, or into the same debt in a new form, it may be recovered. (Rudd v. Planters' Bank, 78th Ky.; Fitzpatrick v. Apperson, 79th Ky.)

It is further insisted that the court erred in refusing to forfeit the whole interest because of the taking of usury. At the time the contract was entered into the law authorized ten per centum, and provided a forfeiture of the whole interest for taking usury; but that law was repealed in 1878, and it was provided that only the excess over legal interest should be forfeited. The forfeiture being in the nature of a penalty, it cannot be enforced after the repeal of the law authorizing it. (Johnson v. Utley, 79th Ky.)

Judgment affirmed except to the extent of the $87.50 usury, and to that extent it is reversed.