CASE 47—EQUITY—OCTOBER 6, 1883.

# Hounshell, &c., v. The Clay Fire Insurance Company.

APPEAL FROM CAMPBELL CHANCERY COURT.

1. A married woman borrows money to pay for land which has been conveyed to her as her separate estate, and, to secure the loan, she, together with her husband, mortgages the land. *Held*—That she may bind her separate estate for the payment of the mortgage debt, or for the discharge of any debt that she may create for her own use and benefit.

2. The mortgagee is not entitled to the rents of mortgaged property unless the deed includes them.

3. A guardian will not be permitted to surrender to a mortgagee the right of his wards to rents of land. Such an agreement is void.

J. R. HALLAM FOR APPELLANT.

1. Appellee knew that the separate estate of married women could not be sold or encumbered but by order of a court of equity. (Session

Hounshell, &c., v. The Clay Fire Insurance Company.

Acts 1867-'8, p. 5; Gen. Stat., sec. 17, art. 4, ch. 52; Hirshman v. Brashear, 79 Ky. Rep., 258.)

2. The acceptance of the Hevener note with the surrender of the lien notes, and the payment of $2,000 additional, having satisfied the vendor's lien, it was extinguished independent of Berry's release. (Muir v. Cross, 10 B. Mon., 282; Gaines v. Casey, *Ib.* 94.)

J. C. WRIGHT FOR APPELLEE.

Appellants could not, as against Berry, claim that Mrs. Hounshell had a separate estate which destroyed his claim under the mortgage for his purchase-money. The form of the debt was changed, its identity was preserved, and it still remained a lien upon the property.

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

In 1869 A. S. Berry sold, and with his wife conveyed, to Mrs. Lucy S. Hounshell, a house and lot to her own separate and exclusive use, the consideration being $6,000, of which $1,500 was paid, leaving the residue to be paid in installments, with a lien reserved in the deed to secure their payment.

By an agreement with the appellee, the Clay Fire and Marine Insurance Company, and A. S. Berry, in 1872, Mrs. Hounshell and her husband, for the purpose of paying the purchase-money to Berry, executed a mortgage and two notes therefor to Berry, who assigned the first one, which was for $3,000, and secured by prior lien in the mortgage to the appellee, and appellee loaned to Hounshell and wife that sum, less the interest. The money was delivered to the husband, who was transacting the business for his wife, and he paid $2,000 thereof to Berry on the balance due him for the purchase-money, evidenced by the second mortgage note for $2,280 held by Berry. It does not clearly appear what the husband did with the remainder of the loan procured from appellee.

The lien retained in the deed from Berry to Mrs. Hounshell was released on the margin of the record containing it. The appellee refused to loan Hounshell the money unless the lien was released, so as to give it priority over Berry's debt for the remainder of the purchase-money, and for this purpose only was the form of the lien changed, the agreement being that the mortgage should be substituted for the original lien. The loan was substantially to Mrs. Hounshell, for the purpose of paying for the identical property which she held as separate estate, and by the express terms of the mortgage executed and duly acknowledged by her, pledged and bound for its payment to the appellee.

These facts bring this case within the principle of the decisions in the cases of Baird, &c., v. Bruning, &c., 4th Law Reporter, 206, where it is held that the wife may bind her separate estate, or its proceeds, by express contract or necessary implication, for the payment of such debts as she may create, or the discharge of any contract she may make for her own use and benefit, and the later case of Breese, &c., v. Smith, &c., MS. Op., October 12, 1882, where the same doctrine is approved.

Mrs. Hounshell created the debt to the appellee for her own use and benefit, and applied its proceeds largely to the payment for the house and lot which she was bound by the mortgage to secure, and which her children, who are infants, she being dead, now claim as exempt from appellees' debt, on the ground that it was created by the husband, and that she was his surety. There is no foundation in fact for such a claim. Although the husband used $700 of the loan, he was the agent of the wife, acting for her, and if he failed to apply the whole loan as she wished him to do, the consequences of the default cannot be visited upon the appellee.

Hounshell, &c., v. The Clay Fire Insurance Company.

The judgment subjecting the house and lot to the payment of appellee's loan must, for the reasons given, be affirmed.

But it appears that, pending this suit to foreclose the mortgage, by consent of the guardian for the appellants, who are infants of tender years, the house and lot were placed in the hands of a receiver, and that considerable rents accrued, and are now in his hands.

The infants claimed the rents, but the court, thinking the agreement binding, refused to allow their claim. Of this judgment they complain, and we think justly. According to the principles of the case of Collins, &c., v. Richart, &c., 14th Bush, 621, the appellees were not entitled, under their mortgage, to the rents, as it does not embrace them; and no waste, coupled with insolvency, being shown, the court should have refused to appoint a receiver in the first place, but after having done so, the guardian had no power to give away, by agreement, the rights of the infant appellants to the rents, which were superior to the mortgage of the appellee. Besides this, the guardian only agreed to the appointment of a receiver. He did not agree that the rents should be appropriated to the payment of appellees' debt.

Wherefore, for the reason indicated, the judgment is reversed, and cause remanded, with directions to adjudge the rents to the infant appellants in proper form.