Merchants' and Mechanics' Building and Loan Ass'n, v. Jarvis, Adm'r.

CASE 103—PETITION EQUITY—FEBRUARY 9.

# Merchants' and Mechanics' Building and Loan Association v. Jarvis, Adm'r.

### APPEAL FROM CAMPBELL CHANCERY COURT.

THE WIFE CAN NOT MORTGAGE HER SEPARATE ESTATE for the debt of her husband, and the fact that the debt for which the mortgage was executed was created upon the faith of the mortgage does not make it the debt of the wife.

M. J. BROWN FOR APPELLANT.

The execution of the note and mortgage by the wife sufficiently evidences her intention to bind her separate estate. And she is bound by the mortgage, although the money was paid to the husband, it appearing that he acted as her agent. (Hounshell v. Clay, Fire Ins. Co., 5 Ky. Law Rep., 267; Lillard v. Turner, 16 B. M., 876; Jarmon v. Wilkerson, 7 B. M., 293; Bell & Terry v. Keller, 13 B. M., 384; Caldwell v. Perry, 6 Ky. Law Rep., 97; Kirn v. Weippert, 46 Mo., 582; Bromley v. Thomas, 63 Mo., 390; Gates v. Gates, 62 Mo., 412.)

T. M. HILL, J. N. STEWART FOR APPELLEE.

No brief in record.

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The appellee, Catharine E. Jarvis, and her now deceased husband, gave a promissory note to the appellant for loaned money, and executed a mortgage upon a lot of land, which was the separate estate of the wife, to secure its payment.

She has power under the statute to sell it, her husband uniting with her in the conveyance, and also the trustee, if there be one; but her interest in the proceeds is the same as it was in the property. The power to mortgage for her own use and benefit, or to secure her own debt, is incidental to this power to sell; but inasmuch as her separate estate continues in the proceeds, she can not mort-

gage it for the debt of her husband, for if she could do so it would defeat her estate in the proceeds. (Hirschman v. Brashears, &c., 79 Ky., 259; Magill, &c., v. Mercantile Trust Co. &c., 81 Ky., 129.)

There is no brief on file for the appellee; but she asserts in her pleadings that it was the debt of her husband, she becoming merely his surety. The appellant contends, however, that the loan was to her. The evidence shows that the application for the money was made by the husband; that the order by the association for the loan was in his name, and that the check for the money was made out in the same way, and given to him. His name is first upon the note that was executed.

The evidence is conflicting whether Mrs. Jarvis was or was not present when her husband received the check. The president of the appellant says she was, and she says she was not. It appears her husband kept the money and used it; at least the contrary is not shown. Upon this state of case the chancellor held that the mortgage was not enforceable against her property. It is urged it was an original undertaking; that it was not a renewal of any pre-existing indebtedness, and that the loan was made and debt created upon the part of the association, upon the faith of her property, that was mortgaged, being liable for its payment. If all this be true, and it doubtless is, yet we fail to see that it follows it was the debt of the wife, and not the husband. It is not inconsistent with her statement, which is confirmed by the circumstances, that she merely became his security, and as such mortgaged her property.

Reference is made by appellant's counsel to the case of Hounshell, &c., v. The Clay Fire Ins. Co., 81 Ky. 304,

where a *feme covert* borrowed money to pay for land conveyed to her as her separate estate; and to secure the loan she, together with her husband, mortgaged the land, and it was held she could bind her separate estate by mortgage for the payment of a debt created for her own benefit. It is true in that case the money was paid to the husband, and that he failed to apply some of it to the use and benefit of the wife; but he was acting as her agent, and the court correctly thought the creditor should not suffer from his default. It is claimed that in this case the husband was acting as the agent of the wife, but the evidence does not support the claim. Although the appellant may, by its agent, in substance, have said to the husband: "If your wife will mortgage her separate property to secure the loan, it will be made;" and she thereupon did so, and also signed the note, yet this did not hinder it from being a loan to the husband with his wife as his security. No doubt she intended to bind the mortgaged property. This must be presumed *per se* from the execution by her, of the note and the mortgage. They indicate the intention by her to bind her separate estate, but she had no power under the present law to do so, by way of securing the debt of her husband. The question at last is, Was it *his* or *her* debt?

The evidence, in our opinion, supports the conclusion of the lower court, that she neither created the debt or received the benefit of it, and the judgment is therefore affirmed.