CASE 85—PETITION EQUITY—JANUARY; 11.

## Miller, &c., v. Sanders.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

HUSBAND AND WIFE.—Under the existing law regulating the property rights of husband and wife, the wife can bind her real estate by mortgage to secure the debt of her husband.

CHARLES M. LINDSAY FOR APPELLANTS.

1. Prior to the act of March 15, 1894, a married woman could not execute a valid mortgage of her separate estate for the benefit of

her husband. (Hirschman v. Brashears, 79 Ky., 258; McGill v. Mercantile Trust Co., 81 Ky., 129; Hounshell v. C. F. Ins. Co., 81 Ky., 304.)

2. Until the passage of the act of May 16, 1893, there was no statutory restriction upon the power of a married woman to mortgage her *general estate*, and such estate might be mortgaged or conveyed by her for the benefit of any person she chose, but the effect · of section 34 of article 3 of *this* act was to prohibit a mortgage of a married woman's general estate for the purpose of securing the debt of any person, other than herself, because otherwise the proceeds could not be her separate estate.

3. The act of March 15, 1894, did not operate as a repeal of the . provisions of the General Statutes and of the act of 1893, in so far as those provisions forbid such mortgages.

BARNETT, MILLER & BARNETT FOR APPELLEE.

1. Under the General Statutes the separate estate of a married woman could not be mortgaged to secure the debt of her husband. (M. & M. Building Ass'n v. Jarvis, 92 Ky., 566; Hirschman v. Brashears, 79 Ky., 259; McGill v. Mercantile Trust Co., 81 Ky., 129.)

2. The legislative policy, as expressed in the act of March 15, 1894, (secs. 2127 and 2128, Ky. Statutes) is to enlarge the rights of married women in respect to their property, and to increase their power to charge and to sell the same. (Hart v. Grigsby, 14 Bush, 553.)

3. The act of March 15, 1894, gave to married women all the powers that a married woman who had been empowered to trade as a *feme sole* had under the General Statutes. (Secs. 2127 and 2128, Ky. Statutes; chap. 52, art. 2, sec. 6, General Statutes.)

4. Under the General Statutes a married woman, empowered to trade as a feme sole, could bind herself and her estate as surety for other persons, including her husband. (Hart v. Grigsby, 14 Bush, 552; Sypert v. Harrison, 88 Ky., 461.)

5. Under the act of March 15, 1894, where the wife and husband have executed a mortgage on the wife's real estate to secure the debt of her husband, the mortgagee is entitled to have the land sold to pay his debt. (Sec. 2127, Kentucky Statutes.)

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

The appellee brought suit against the appellants, who are husband and wife, upon a note and mortgage executed

since the act of March 15, 1894, took effect, fixing the property rights of husband and wife. The note was executed by the husband alone, and the mortgage, executed by both husband and wife, was upon a lot of land stated in the petition to be the property of the wife. Appellants filed an answer and counterclaim stating that the money, to secure the payment of which the mortgage was executed, was borrowed for the sole benefit of the husband, was paid by plaintiff to him and applied by him to the payment of his own debt, that the wife received no part of the money and no benefit therefrom, and that these facts were known to plaintiff before the money was lent. The prayer was for a dismissal of the petition as to the wife, and for a surrender and cancellation of the mortgage. A general demurrer to the answer was sustained, and, the defendants declining to plead further, a judgment and order of sale were entered in favor of appellee.

The question for decision is whether, under the existing law, a married woman can bind her real estate by mortgage to secure the debt of her husband.

Under the General Statutes, the separate estate of a married woman could not be mortgaged to secure the debt of her husband, for the reason that her separate estate continued in the proceeds of a sale or mortgage, and to permit her to mortgage it for the debt of another would defeat her estate in the proceeds. (General Statutes, chapter 52, article 4, section 17; Merchants & Mechanics Building & Loan Ass'n v. Jarvis, 92 Ky., 566; Hirschman v. Brashears, 79 Ky., 258; McGill v. Mercantile Trust Co., 81 Ky., 129.)

† By the act of May 16, 1893, article 3, section 34, it was provided that upon a sale of the wife's land or chattels real "the proceeds shall be her separate estate." This provision, in effect, prohibited a mortgage of a wife's general es-

tate to secure the debt of another, for the proceeds of such
a mortgage could not be her separate estate.   From this it
is argued that, as the present statute provides that "during
the existence of the marriage relation the wife shall hold
and own all her estate to her separate and exclusive
use, and free from the debts, liabilities or control of her
husband" (Kentucky Statutes, section 2127), therefore
all the estate of a married woman is transformed by the
statute into separate estate, with all the limitations im-
posed by the former law with respect to alienation.   But
the intent and policy of the new statute seems to be much
broader than this construction.

Section 2127 provides, immediately following the provis-
ions quoted above:   "No part of a married woman's estate
shall be subjected to the payment or satisfaction of any lia-
bility, upon a contract made after marriage to answer for
the debt, default or misdoing of another, including her hus-
band, unless such estate shall have been set apart for that
purpose by deed of mortgage or other conveyance; but her
estate shall be liable for her debts and responsibilities con-
tracted or incurred before marriage, *and for such contracted
after marriage, except as in this act provided.*"

The setting apart provided for in this section clearly re-
fers to a setting apart *by the wife* by the execution of a deed
of mortgage or other conveyance, and the latter part of the
section distinctly provides that "her estate shall be liable
*   *   *   for such (debts and responsibilities) contracted
after marriage, except as in this act provided," that is to
say, except the classes of contracts prohibited by sections
2127 and 2128.

This conclusion is strengthened by the language of section
2128.   "A married woman may take, acquire and hold prop-
erty, real and personal, by gift, devise or descent, or by pur-

chase, and she may, in her own name, as if she were unmarried, sell and dispose of her personal property. *She may make contracts* and sue and be sued *as a single woman,* except that she may not make any executory contract to sell or convey or mortgage her real estate, unless her husband join in such contract. * * *"

In our opinion a married woman may set apart her real property by deed of mortgage to secure the debt of her husband.

Judgment affirmed.