CASE 66—ACTION BY J. A. MORRISON'S ASSIGNEE AGAINST P. A. MILLER AND OTHERS FOR A SETTLEMENT OF THE ASSIGNED ESTATE. —MAY 27.

# Morrison v. Morrison's Assignee.

### APPEAL FROM DAVIESS CIRCUIT COURT.

JUDGMENT DENYING THE CLAIM OF MARY G. MORRISON TO LAND AND SHE APPEALS. REVERSED.

HUSBAND AND WIFE—MORTGAGE BY MARRIED WOMAN OF SEPARATE ESTATE—MORTGAGE TO SECURE DEBT OF HUSBAND.

Held: 1. Prior to the act of March 15, 1894, regulating the property rights of husband and wife, a married woman had no power to mortgage her separate estate to secure a debt of her husband, and therefore could not convey such estate to her husband for the express purpose of enabling him to do so.

2. Under the act of March 15, 1894, which abolished the distinction which previously existed between the separate estate and the

general estate of married women, the wife can bind her real estate by mortgage made to secure the debt of her husband, though such estate was, prior to that act, conveyed to her as separate estate.

HAYS & WELLS, ATTORNEYS FOR APPELLANT.

## SYNOPSIS AND LIST OF AUTHORITIES.

1. The chief question stated. A married woman could not, under the general statutes, convey her separate estate to her husband.

2 An historical view of separate estate. Revised Statutes, vol. 2, page 28, chap. 47, art. 4, sec. 17; General · Statutes, chap. 52, art. 4, sec. 17.

3. Separate estate under the general statutes. (1) Could not be mortgaged for the benefit of the husband. Hirschman v. Brashears, 79 Ky., 258; Merchants, &c. B. & L. Assn. v. Jarvis, 92 Ky., 566.

(2) The reason for this is that it would defeat the estate of the wife in the proceeds. Magill, &c. v. Mercantile Trust Co., 81 Ky., 129; Merchants, &c. B. & L. Assn. v. Jarvis, supra.

(3) A conveyance would more certainly defeat the right of the wife than would a mortgage .Hughes v. Shannon, 13 R., 782; Baird, &c. v. Bruning, &c., 84· Ky., 645.

4. Authorities cited by opposing counsel discussed. (1) The following cases distinguished: Kennedy, &c. v. Ten Broeck, 11 Bush, 241; Scarborough v. Watkins, 9 B. Mon., 540; Riley v. Wilson, 24 S. W., Rep., 394; Cain v. Ligon, 71 Ga., 692; 51 Am. R., 281.

(2) Confusion resulting from the use of the term separate estate in two senses. Bishop on Married Women, vol. 1, sec. 796; 2 Story's Equity, sec. 1395.

5. The provision of the general statutes certainly applicable. The case of Chrismas v. Hahn, 10 Ky. Law Rep., 377 Distinguished.

6. The transaction a deed in form only. 2 Story's Equity, sec. 1395.

7. The question of estoppel. (1) No estoppel *in pais*. 11 Am. & Eng. Ency. Law, 2d ed., pp. 421-435.

(2) No estoppel by deed. Ibid, p. 393, Bohannon v. Travis, 94 Ky., 59; Louisville, &c. Railway Co. v. Stephens, 96 Ky., 401.

(3) The doctrine of estoppel wholly inapplicable. Merchant, &c. B. & L. Assn. v. Jarvis, supra. The following cases distinguished: Connolly v. Branstler, 3 Bush, 702; Rusk v. Fen-

Morrison v. Morrison's Assignee.

ton, 14 Bush, 490; Wright v. Arnold, 14 B. Mon., 638; Davis v. Tingle, 8 B. Mon., 542.

8. The mortgage debt of the appellee, Mrs. P. A. Miller. (1) No change made by the present married woman's act. Kentucky Statutes, secs. 2127 and 2128; O'Donoghue v. Akin, 2 Duvall, 178; Watts v. Commonwealth, 78 Ky., 329; L. & N. R. R. v. Sharp, 91 Ky., 411; Lawrence v. City of Louisville, 96 Ky., 595; Long &c. v. City of Louisville, 97 Ky., 372; Kentucky Statutes, sec. 459; Sutherland Statutory Construction, sec. 164; Kentucky Statutes, sec. 465; Cooley's Constitutional Law, pp. 329 and 344; Green v. Biddle, 8 Wheat., 84; Planters' Bank v. Sharp, 6 How., 372; Pearce's Heirs v. Patton, 7 B. Mon., 162; Collins v. Collins, 79 Ky., 88; Mitchell, &c. v. Violett, &c., 20 Ky. Law Rep., 378; Rose, &c. v. Rose, Ibid., 417; Mundo & McGraw v. Anderson 22 Ky. Law Rep., 663.

## ADDITIONAL SYNOPSIS AND AUTHORITIES CITED.

Sec. 17, art. 4, chap. 52, of the General Statutes applies to this case.

1. This proposition is upheld by the reason of the subject. Chrismas v. Hahn, 10 R., 377; and Bryan v. Bohannan, MSS. Opin., Distinguished.

2. This proposition is established by the decisions of this court. Stuart v. Wilder, 17 B. Mon., 55, and Hanly v. Downing, 4 Metcalf, 95.

POWERS & ANDERSON, FOR APPELLEE, MARSH.

## POINTS AND AUTHORITIES.

1. Money paid by appellant and which she owned alone and in her own right, is her general estate. 2 Blackstone Commentaries, p. 433; 1st vol. Minor's Institutes, p. 325; 1st vol. Minor's Institutes, p. 327.

2. The provisions of the general statutes prohibiting the alienation of the separate estates of married women where she receives no consideration for her conveyance, do not apply where the married woman herself created the separate estate out of her general estate. Sec. 17, art. 4, chap. 52, General Statutes; sec. 17, art. 4, chap. 47, Revised Statutes; Baird v. Bruning, 84 Ky., p. 645; Chrismas v. Hahn, 10 Ky. Law Rep., p. 377; Duvall v. Graves, 7 Bush, 467; Bryan v. Bohannan, 1856 MS. Opinion; Bell v. Rodgers, Jan. 24, 1877, MS. Opinion.

3. To create a separate estate in a married woman it is needful that an intention to invest the property in the wife to the

exclusion of the husband shall clearly appear. Bank of Louis-ville, v. Gray, &c., 84 Ky., p. 565; Schwartz v. Griffith, 7 Ky. Law Rep., p. 531.

4. In the following cases some one other than the feme herself created the separate estate. Hirschman v. Brashears, 79 Ky., p. 258; Merchants' Building & Loan Association v. Jarvis, 92 Ky., 566; Megill v. Mercantile Trust Co., 81 Ky., p. 129; Hughes v. Shannon, 13 Ky. Law Rep., p. 782.

5. The appellant is estopped to claim the land in controversy. 1 Story's Equity, p. 368; 2 Story's Equity, p. 756; Stone and Wife v. Werts, 3 Bush, p. 486; Pryse v. McGuire, 81 Ky., p. 609; Kennady v. Ten Broeck, 11 Bush, p. 241; Scarborough v. Watkins, 9 B. M., p. 540; Connally v. Branstler, 3 Bush, 702; Rusk v. Fenton, 14 Bush, 490; Wright v. Arnold, 14 Bush, 638; Davis v. Tingle, 8 B. M., 542.

SWEENEY, ELLIS & SWEENEY, ATTORNEYS FOR APPELLEE, MILLER.

On April 19, 1898, Mrs. P. A. Miller loaned to appellant, Mary G. Morrison, $5,123 due three years after date, and took her note therefor with her husband, James A. Morrison, as surety. To secure this note, Mary G. Morrison and her husband made to Mrs. Miller a mortgage on eighty-four acres of land in Daviess county, conveyed to her by W. W. Hays and wife, March 10, 1874, and by her and her husband conveyed to W. T. Ellis, trustee and by W. T. Ellis, trustee, conveyed to the husband, J. A. Morrison.

On December 28, 1899, J. A Morrison, the husband, made a deed of assignment, conveying to one J. H. Harsh, in trust, for the benefit of his creditors, the property embraced in the mortgage to Mrs. Miller among other property. On January 3, 1900, J. H. Harsh, assignee, brought a suit in the Daviess circuit court for a settlement of the estate committed to his hands as trustee, and for a sale of the property to pay Mrs. Miller's debt and after the payment of her debt whatever might be left to the payment of debts of creditors.

In the petition he made the appellee, Mrs. Miller and the appellant, Mary G. Morrison, defendants, and in this suit a sale of the land was adjudged to pay the debt of Mrs. Miller and then to pay creditors.

Mrs. Morrison, defended the suit, claiming that the property was hers, and that the conveyance made by her and her husband to Ellis, trustee and by him to her husband did not divest her of title and that same was void.

We claim that the law in force at the date of the mortgage, substantially made a married woman's real estate her separate estate, and gave to her the right to pledge the same "for the

debt, default and misdoing of another, including her husband, if such estate should have been set apart for that purpose by deed of mortgage or other conveyance."

In our judgment it is immaterial whether she was the owner of the land or not, for if she was the owner, by making the mortgage, she set apart the land embraced in it to the payment of the debt. If she was principal in the debt she could bind her estate. We insist, however, that she is liable as principal as to the appellee, Miller, and that she so regarded herself is shown by her answer filed to the assignee's petition in which she says "that as to the plaintiff and as to all other creditors of her husband *except the defendant, Mrs. P. A. Miller,* this defendant is entitled to hold said property as her own and free from any claim on account of her said indebtedness."

### AUTHORITIES CITED.

Miller v. Sanders, 98 Ky., 525; Lane v. Traders Deposit Bank, 14 R., 873; Tipton v. Traders Dep. Bank, 17 R., 960; New Farmers' Bank's Trustee v. Blythe, 21 R., 1033.

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

In March, 1874, the appellant, Mary G. Morrison, purchased from M. M. Hays a tract containing about 80 acres of land, near Owensboro, in consideration of $6,400, of which $4,000 was paid in cash, and for the balance two notes were executed for $1,200 each by Mary G. Morrison and her husband, payable in one and two years, respectively, from date. The land was conveyed to Mary G. Morrison as separate estate. The notes were not paid at maturity, and in 1877 aggregated $3,000. In order to pay them, the appellant and her husband borrowed $3,000 from the Owensboro Savings Bank, securing the loan by a mortgage on the land. The loan was carried by the bank until May, 1888, when they demanded payment. To meet this demand, appellant applied to the Mutual Life Insurance Company of Kentucky for a loan of the same amount. The company refused to make the loan unless Mrs. Morrison would transfer the title to the property to her husband;

and in compliance with this requirement, the appellant and her husband, on the 8th of March, 1888, conveyed the land to W. T. Ellis for the recited consideration of one dollar, and that he would convey the land to her husband, which he did on the same day. The insurance company thereupon loaned to J. A. Morrison $3,000, taking his note therefor and a mortgage, in which the wife united, on the land, to secure its payment. After carrying this loan for about 10 years, the insurance company demanded payment, and to secure the money to pay off the indebtedness to the insurance company, the appellant, on the 19th of April, 1898 borrowed from P. A. Miller $5,123, for which she executed her note, due three years after date, with interest at 6 per cent., payable semi-annually. This note was also signed by her husband, and was secured by a mortgage on the 80-acre tract of land above referred to. Three thousand dollars of this loan was applied to the debt due the insurance company, and the balance was used by the appellee J. A. Morrison, with the knowledge and consent of the wife, in payment of other debts due by him to other parties, for which appellant was not liable. On the 28th of December, 1899, the appellee J. A. Morrison, having become indebted to divers persons for money which he was unable to pay executed and delivered a general deed of assignment of all his property, including the real estate conveyed to him by his wife, for the benefit of all his creditors, to the appellee J. H. Harsh, who brought this suit in the Daviess circuit court, asking that the creditors of his assignor be required to set up their claims therein, and for a sale of the land in controversy to pay them. Appellant was made a defendant in this action, and filed her answer setting out the facts set out above, and claimed the land as her separate property, and that it could not

be sold to satisfy the debts of her husband except to the extent of $3,000, which represented the balance of the purchase money thereon borrowed from P. A. Miller. The appellee, P. A. Miller, filed her answer and cross petition, setting p her debt and mortgage, to which appellant replied, denying her right to subject the property except to the extent of the $3,000. Upon final hearing, the trial court rendered a judgment subjecting the land in controversy to the payment of the entire mortgage debt of P. A. Miller, and also claims, aggregating $3,500, due to the creditors of her husband, for which she was in no wise bound. From this judgment Mrs. Morrison appeals.

Counsel for appellant contends that the transfer of the title of the land in controversy in response to the demand of the insurance company in 1888 was without consideration except to the extent of the $3,000 borrowed to pay off the existing lien for purchase money against the land, as she was a married woman, and held the property as her separate estate; and that the creditors of her husband are not entitled to subject the property to the payment of their debts for which she was not legally bound; whilst appellee contends that the money originally paid for the land was Mrs. Morrison's general estate, and that, as she herself converted it into separate estate, the provision of the general statute securing to her the same interest in the proceeds as in the estate conveyed does not apply. This contention is based upon the case of Chrismas v. Hahn (10 R., 377) ; 9 S. W., 279, and that, having voluntarily transferred the title of the property to her husband, it is subject to the demands of his creditors created after the conveyance to him. It is impossible for us to determine from the record whether the $4,000 originally paid by Mrs. Morrison was

her separate estate or general estate. In her answer and
cross petition she alleges that the money was her property
alone, and in her deposition she testifies that it was be-
quested to her by an uncle in New York. But in our view of
the case this question is wholly immaterial. Under the
Revised Statutes, a married woman could not alienate either
her separate, real or personal estate except where it was a
gift, when she could do so with the consent of the donor
or his personal representative. The statute provided:
"Such estates, heretofore created, shall not be sold or en-
cumbered but by order of a court of equity, and only for
the purpose of exchange and reinvestment for the same use
as that of the original conveyance or devise; and the court
shall see that the exchange and reinvestment is properly
made." See 2 Revised Statutes, p. 28, c. 47, art. 4, section
17. This provision of the Revised Statute was changed by
the General Assembly in 1868 (General Statutes, p. 743,
c. 52, section 17) so as to read as follows: "Separate es-
tates and trust estates conveyed or devised to a married
woman may be sold and conveyed in the same manner as
if such estates had been conveyed or devised absolutely,
if there be nothing in the deed or will under which they
are held forbidding same, and if the husband or trustee, if
there be one, unite with the wife in the conveyance. But
her interest shall be the same in the proceeds as it was in
the estate." The reason for this change in the statute is
clearly stated in Baird v. Bruning, 84 Ky., 649 (4 R., 206),
as follows: "The restriction contained in this statute op-
erated in a great measure in many instances to deprive the
married women of the substantial enjoyment of the prop-
erty dedicated to her sole and separate use. The mode of
sale was cumbersome, and the requirement that in all cases
an exchange or reinvestment should be made under the

supervision of the chancellor, became to a great extent, merely arbitrary and inconsistent with the best interest of the *cestui que use*, and, in addition to the objections above, the legal costs, attorney's fees, and delays incident to a proceeding to sell became burdensome, and were the unreasonable results of an extreme notion, embodied in that statute, that the full enjoyment of the use had better be curtailed than to leave the alienation and management of the wife's separate estate subject to her binding power and unrestrained influence of her husband. And for the purpose of facilitating alienation, security against the husband's imprudence or selfishness, and to enable the wife to enjoy her separate estate, which is generally, if not in every case, created for her maintenance and comfort, the statute first named was abrogated, and in lieu thereof the section of the general statutes was adopted." The purpose of the change in the statute was to facilitate the transfer of the separate estate, but was not intended to change its character. Both under the Revised Statutes and the General Statutes, the law was well settled that a married woman could not mortgage her separate estate to secure the debt of her husband for the reason that her separate estate continued in the proceeds of a sale or mortgage, and to permit her to mortgage it for the debt of another would defeat the intention of the statute. See Stuart v. Wilder, 56 Ky., 47, and Hanly v Downing, 61 Ky., 86; Association v. Jarvis, 92 Ky., 566 (13 R., 797) (18 S. W., 454); Hirshman v. Brashears, 79 Ky., 258 (2 R., 246); Magill v. Trust Co., 81 Ky., 129. As she could not mortgage her real estate we think it necessarily follows that she could not convey it to her husband for the express purpose of enabling him to do so. Appellant's husband therefore held the property after the conveyance to him

in trust for his wife, subject to the claim of the insurance company for money advanced to pay off the vendor's lien. We are therefore of the opinion that this property could not be subjected to the claims of creditors of J. A. Morrison for which appellant was in no wise bound.

The deed of Mrs. P. A. Miller, however, stands upon a different footing. The act of March 15, 1894, which is article 3, c. 66 of the Kentucky Statutes, abolished the distinction which previously existed between the separate and general estate of married women, and in effect made all of her property separate estate, and gave her the right to pledge the same for the debt, default, or misdoing of another, including her husband, if such estate shall have been set apart for that purpose by deed of mortgage or other conveyance. See section 2127 of the Kentucky Statutes. This provision of the statutes was considered by this court in Miller v. Sanders, 98 Ky., 538 (17 R., 1114) (33 S. W., 621), and it was there held that the wife could bind her real estate by mortgage made to secure the debt of her husband; and this case has been subsequently followed in Lane v. Bank (14 R., 873) (21 S. W., 756, Tipton v. Bank (17 R., 960) 33 S. W., 205, and in New Farmers' Bank's Trustee v. Blythe, 21 Ky., Law Rep., 1033. It follows that the mortgage made to Mrs. P. A. Miller is an enforceable obligation, and the real estate in controversy is properly subjected to her claim.

But, for reasons indicated, in so far as the judgment subjected it to the payment of the claim of the general creditors of her husband it is reversed, and cause remanded for proceedings consistent herewith.

Response by Judge Hobson to petition for rehearing:

It is earnestly maintained in the petition for rehearing that the act of 1894, not being retrospective, does not

change the character of the estate of Mrs. Morrison in the land, and that, therefore, the mortgage executed after that act took effect is of no more validity than if it had been given before the act was passed. The conclusion does not follow from the premises. Mrs. Morrison's estate in the land remained the same after the passage of the act as it was before. The only effect of the act was to enlarge her powers over it. The disability of coverture is the creation of the law. What the Legislature has thus created, it may abolish. In the past half century, act after act has been passed enlarging the rights of married women. If the act of 1894 had entirely abolished the disability of coverture, Mrs. Morrison might have disposed of this estate just as though a single woman. The Legislature, however, did not so provide, but empowered her to mortgage it with the concurrence of her husband. This was simply an enlargement of her powers under the former act, or a partial removal of her disabilities under that act, and was no more unconstitutional as to existing estates than that act was as to estates created under the statutes in force before it was passed. Under the provisions of the Revised Statutes, married women were substantially disabled from disposing of their separate estates. Under the General Statutes these disabilities were in part removed, and under the act of 1894 they are still further removed. None of these changes affected the estates of married women vested in them under the law in force when they were created. The estate of the *feme* in the property remained as before. Her disability to dispose of the property was not a part of the estate, but was personal. It would have ceased had she become discovert, and might be removed at any time, in whole or in part, as the Legislature saw fit.

Petition overruled.