RENDERED:  AUGUST 27, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1556-MR

BRIAN SMITH                                                    APPELLANT

v.
APPEAL FROM OLDHAM CIRCUIT COURT
HONORABLE KAREN A. CONRAD, JUDGE
ACTION NO. 20-CI-00194

SCOTT JORDAN, WARDEN                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, JONES, AND McNEILL, JUDGES.

JONES, JUDGE:  Appellant, Brian Smith (Smith), *pro se*, appeals the Oldham

Circuit Court's order denying his petition for a declaration of rights under

Kentucky Revised Statute (KRS) 418.040 and dismissing his petition pursuant to

KRS 454.405.  Following a careful review of the record and the law, we affirm.

Smith is an inmate at the Luther Luckett Correctional Complex in La

Grange, Kentucky.  On July 27, 2018, a prison disciplinary report was issued

against Smith for allegedly physically assaulting another inmate. At a final disciplinary hearing held by the prison adjustment committee on September 11, 2018, Smith was found guilty of "[p]hysical action resulting in death or injury of another inmate." Smith appealed the committee's finding to the warden, Scott Jordan, who affirmed the committee's decision on September 12, 2018.

On August 28, 2019, Smith appealed the matter to the Oldham Circuit Court by way of a petition for declaration of rights pursuant to KRS 418.040; Smith's action was designated as Case No. 19-CI-00563. The circuit court ordered a partial filing fee of $15.00 which Smith failed to pay by the required deadline. On January 30, 2020, the circuit court dismissed the action without prejudice based on Smith's failure to submit the partial filing fee to the circuit court clerk.

Smith subsequently refiled his petition in Oldham Circuit Court on April 20, 2020; this second action by Smith was designated as Case No. 20-CI-00194. On September 24, 2020, the circuit court dismissed Smith's second action as factually frivolous pursuant to KRS 454.405:

> IT IS HEREBY ORDERED that this matter is DISMISSED as factually frivolous pursuant to KRS § 454.405. The Petitioner submitted factually false information in his Petition regarding the date of his disciplinary hearing and the date the Warden's appeal was issued. This false information was presented in order to cover up the fact that the Petition was filed beyond the statute of limitations. There being no just reason for delay, this is a final and appealable order.

The only argument Smith raises on appeal is that the circuit court erroneously dismissed his petition because it was filed beyond the statute of limitations. In Kentucky, an action arising out of a prison disciplinary proceeding must be brought within one year after the cause of action accrued. KRS 413.140(1)(k). The statute of limitations for such a cause of action commences on the date an appeal of the disciplinary proceeding is decided by the institutional warden. KRS 413.140(7).

Warden Jordan handed down his decision affirming the adjustment committee's finding on September 12, 2018. Therefore, Smith was required to file an action in circuit court by September 12, 2019, at the latest. Smith contends that his petition was timely filed when he filed his first action docketed as 19-CI-00563. However, that action was dismissed without prejudice for failure to pay the required filing fee. In Kentucky, "[a] dismissal without prejudice leaves the parties as if no action had been instituted." *Magill v. Mercantile Tr. Co.*, 4 Ky. L. Rptr. 927, 81 Ky. 129, 132 (1883). Thus, a claimant whose action is dismissed without prejudice must file a new action within the required statute of limitations. *Scott v. Davis*, 2013-SC-000228-DG, 2015 WL 3631136, at *4 (Ky. Jun. 11, 2015) ("As previously noted, Davis's original lawsuit was dismissed without prejudice so Davis's 2010 complaint was a brand new lawsuit. And considering our dismissal-without-prejudice case law, there was no claim to which the 2010 complaint could

relate back."). Accordingly, because Smith failed to file his second petition within one year of September 12, 2018, his petition was filed outside the statute of limitations required by KRS 413.140(1)(k).

Moreover, the circuit court did not dismiss Smith's second petition solely on the grounds that it was filed beyond the statute of limitations. As noted above, the circuit court dismissed Smith's second petition as factually frivolous under KRS 454.405. That statute provides:

> (1)     At any time, and upon its own motion or on motion of a party, a court may dismiss a civil action brought by an inmate or on behalf of an inmate if satisfied that the action is malicious or harassing or if satisfied that the action is legally without merit or *factually frivolous*.
>
> . . .
>
> (3)     A court which dismisses a civil action brought by an inmate for any of the reasons set out in subsection (1) of this section shall include as part of its order specific findings as to the reasons for the dismissal.

(Emphasis added.) The circuit court reasoned its dismissal on the grounds that Smith had submitted factually false information in his petition regarding the date of his disciplinary hearing and the date Warden Jordan issued his decision to cover up that Smith had filed his petition beyond the statute of limitations. The record supports the circuit court's rationale and findings. In his petition, Smith stated that Warden Jordan issued his decision to deny Smith's appeal on September 12, 2019,

-4-

rather than the date Warden Jordan's decision was actually rendered, September 12, *2018*. Accordingly, the circuit court properly dismissed Smith's petition as factually frivolous under KRS 454.405(1).

For the foregoing reasons, we affirm the Oldham Circuit Court's order denying Smith's petition for a declaration of rights under KRS 418.040 and dismissing his petition pursuant to KRS 454.405.

ALL CONCUR.


BRIEF FOR APPELLANT:

Brian Smith, *pro se*
La Grange, Kentucky

BRIEF FOR APPELLEE:

Allison R. Brown
Frankfort, Kentucky