### Allen, et al. v. Allen.

(Decided March 8, 1916.)

#### Appeal from Magoffin Circuit Court.

Limitation of Actions—Mistake.—An action can not be maintained for relief from a mistake after ten years from the making of the mistake.

SMITH & COMBS, E. W. PENDLETON and H. G. HAZELRIGG for appellants.

J. H. GARDNER for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

On the 12th day of October, 1895, the appellee, S. B. Allen, purchased from his father, Simon Allen, a tract of land in Magoffin County, Kentucky, the price of which was agreed as being the sum of $1,000.00. Simon Allen gave to his son, the appellee, $600.00 of the purchase price and the appellee paid to his father $400.00. Thereafter, on the 28th day of April, 1900, Simon Allen executed, acknowledged and delivered to the appellee a deed for the land, which recited the consideration as being $1,000.00, $600.00 of which was donated to the appellee as a gift on account of the love and affection which the grantor bore to his son, the appellee, and the remaining $400.00 having been in hand paid. The deed, however, in its granting clause, conveyed the land to appellee and his children, and the habendum clause of the deed was "to have and to hold to the second party and his children and assigns forever." This deed was delivered to the appellee, who caused it to be recorded on the 19th day of May, 1900. Thereafter, on the 24th day of March, 1914, the appellee filed a petition in equity, in the Magoffin circuit court,

against his wife, Lola Allen, and his eight infant children, two of whom were over fourteen years of age and six of whom were less than fourteen years of age. By the allegations of his petition, he claimed that when the deed was executed to him and to his children for the land, on the 28th day of April, 1900, his father had attempted to make to him a deed for the land, but by a mutual mistake of him and his father, the deed was caused to be written so as to convey to him only a life estate in the land, with the remainder interest to his children, when it was intended by the grantor and the appellee that the deed should be so written that it would convey the entire interests in the land to the appellee; that he had only discovered the mistake within three years last past, and prayed the court to adjudge that the deed be reformed so that the entire interests in the land should be conveyed to him and that no interest would be conveyed to his children.

The evidence taken in the case tends to prove that the parties, when the deed was executed and delivered, were under the mistaken belief that the word children in the deed had the same meaning and signification as the word heirs ordinarily has in a deed.

The case having been submitted for trial, the court granted the relief sought for in the petition and adjudged that the deed be reformed by striking out the word "children," wherever it appeared in the deed, and in place thereof inserting the word "heirs," thereby investing the appellee with the entire ownership of all the interests in the land and divesting the infant children of the interest which was conveyed to them by the original deed. The guardian *ad litem* for the infant defendants has brought the case, by appeal, to this court.

Various irregularities in the preparation of the case are urged, as well as the soundness of the judgment of the lower court in adjudging that the appellee was entitled to any relief on account of the nature of the mistake, which the proof shows to have been made, but we deem it unnecessary to discuss these questions, as the suit was not brought for a correction of the mistake until more than ten years had expired from the time of the making of the alleged mistake, relief from which is sought in the petition.

Section 2519, Kentucky Statutes, is as follows:

"In actions for relief for fraud or mistake, or damages for either, the cause of action shall not be deemed to have

accrued until the discovery of the fraud or mistake; but no such action shall be brought ten years after the time of the making of the contract or the perpetration of the fraud.''

While the statute of limitations begins to run against a cause of action arising from a mistake, at the time when the mistake, by ordinary diligence, should have been dis﹍covered, but, an action will not lie at all after ten years from the making of the mistake, Salve v. Ewing, 1 Duvall, 271; Lyons v. Henderson, 6 R., 219; Oldham v. Armstrong, 7 R., 674; Elam v. Haden, 51 S. W., 455; Buckner's Admr. v. Rogers, 53 S. W., 529; 22 R. 1. Hopperton v. L. & N. R. R. Co., 17 R., 1322. Hence, the appellee's cause of action, if any he had, was barred by lapse of time several years before the institution of his suit, and the court was in error in granting the relief sought.

The judgment is reversed and cause remanded with directions to set aside the judgment and dismiss the petition.