### Saylor v. Hilton.

(Decided January 14, 1921.)

### Appeal from Garrard Circuit Court.

Receivers—Title to and Possession of Property—Waste.—In an action, wherein the title to land is involved, a receiver should not be appointed for the land, when it is not shown, that the party.

applying for the receiver, is not in the enjoyment of all the land and all the rights which he claims in it; and if a party to the action is shown to be in possession and claiming the ownership of it, a receiver should not be appointed, unless, it appears, that the party in possession is insolvent and committing waste thereon; and if the land is jointly owned, a receiver should not be appointed unless the one in possession is committing waste, or excluding the other joint owners, or at least doing something in derogation of the rights of the others interested, and there is no other available remedy to protect the rights of all.

L. L. WALKER and R. H. TOMLINSON for appellants.

J. E. ROBINSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—
Reversing.

J. I. Hilton was the owner of a tract of land, containing about one hundred and eighty acres in Garrard county, when he died, the appellee, Nancy Hilton, his widow, surviving him. He left no children surviving him, but he left surviving him certain brothers and sisters, and had other brothers and sisters who were dead, and who left children surviving them. The appellant, Granville Saylor, became the owner, by purchase, of the interests of several of these collateral heirs in the tract of land. He claims by his pleadings to be the owner of 23/24 of the entire tract of land, and 1/48 of the remainder of the land subject to the dower right of Nancy Hilton. She claims by her pleadings to be the owner of an undivided one-half of the land in fee, and dower in the other undivided one-half, and that she is entitled to the occupancy and use of the mansion and curtilage, until the assignment of dower to her. Certain of the heirs of J. I. Hilton, or rather their assigns, have intervened in the action, and asserted title to certain interests in the property. While the action was in this condition, upon motion of the appellee, Nancy Hilton, the court entered an order directing its master commissioner to take custody and possession of the property as a receiver and requiring the claimants to deliver the possession to him, and directing him to let the property to rent for the year 1920. To this order the appellant objected, and his objection being overruled, excepted. He has appealed from the order to this court.

Section 298 of the Civil Code provides as follows:

"On the motion of any party to an action who shows that he has, or probably has, a right to, a lien upon, or an interest in, any property or fund, the right to which is involved in the action, and that the property or fund is in danger of being lost, removed or materially injured, the court, or the judge thereof during vacation, may appoint a receiver to take charge of the property or fund during the pendency of the action, and may order and coerce the delivery of it to him . . . "

It is admitted by the appellant that the appellee has a dower in an undivided one-half of the land, but he denies that she has any other interests in it. She claims the ownership of one-half of the land in fee, and a right of dower in the other undivided one-half. Hence, there could be no doubt of her having an interest in the land, the right to which is involved in the action, and probably has a right to more of the land than is admitted by the appellant. It is, also, apparent that the appellant is the owner in fee of nearly one half of the land, and probably is the owner of all of it subject to the appellee's right of dower. The record is entirely silent as to the present occupancy and possession of the land. There is nothing in the record to indicate, but, what the appellee is in the occupancy and enjoyment of all the land which she claims and of all the interests in the land to which she claims a right, and there is nothing to indicate that she is being excluded from the occupation or use of the land in any way by the appellant, or any other claimant of it. There is nothing to indicate that the land will suffer any material injury by the failure to appoint a receiver, nor that the appellee will in any way be deprived of the rents or use of the land pending the litigation. Under such circumstances it would be manifestly improper to appoint a receiver at the cost of the claimants to the land, to manage and conduct the business of the appellee; and if she is already enjoying all the rights to the property to which she is entitled, it would be a harsh remedy to take the possession of the remainder of the property from the appellant, who claims to be the owner of it. It does not appear that the appellant, or any other claimant, who may have the possession of the land, or any part of it, is insolvent, or is committing any waste upon the land or injury to it. The cases in which receivers ordinarily will be appointed are confined to those in

which it can be established to the satisfaction of a court, that the appointment of a receiver is necessary to save the property from injury or threatened loss, or destruction, or that the claimants in possession are excluding another party from rights which the latter has in the land, and the mere fact that the placing of property in the hands of a receiver will do no harm, is not sufficient to authorize such action by the court. The general rule adhered to in this jurisdiction is that where the title to land is involved, or there is a proceeding to enforce a lien, and the party who is in possession and claiming title is insolvent, and committing waste, or if the party suing to enforce the lien can show that he is entitled to the rents, under his contract, and the property is insufficient to pay his claim, and the one in possession is insolvent, a receiver will be appointed. Collins v. Richart, 14 Bush 621; Hounshell v. Insurance Company, 81 Ky. 304; 23 R. C. L. 18, 19. Where there is a controversy involving the right to lands which are jointly held, between the joint owners, as between tenants in common, and persons, the owners of undivided interests, the courts refuse a receiver, when there is nothing to show that the adverse party is in exclusive possession and denying to those asking a receiver, a participation in the enjoyment of the property, or else that those in possession are insolvent and are managing the property in such a way as to materially injure it.

In the instant matter there is nothing to indicate the property in controversy was in danger of material injury, or that any one of the claimants was excluding the appellee from participation in its rents, profits or use; or that the appellant or any other claimant was in possession of it or was insolvent, or was guilty of any misconduct which affected the rights of the appellee, or, further, that the appellee was not enjoying in the property all the rights which she claimed in it. Therefore there was no ground presented or shown for the appointment of a receiver for the land, and the order appointing the receiver is therefore reversed and cause remanded for proceedings not inconsistent with this opinion.