## Saylor v. Helton.

(Decided March 14, 1922.)

### Appeal from Garrard Circuit Court.

Reformation of Instruments—Action to Reform Deed for Fraud or Mistake—Right of Dower.—Under sections 2515 and 2519, Kentucky Statutes, and the evidence adduced, the chancellor under the answer and cross petition in this action properly held appellee entitled to a reformation of the deed complained of so as to invest her with ownership in one-half of the land and dower in the other half.

R. H. TOMLINSON and L. L. WALKER for appellant.

J. E. ROBINSON for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

For many years before March, 1911, James I. Helton and his wife, Nancy Helton, owned and resided on two adjoining tracts of land in Leslie county, Kentucky. They decided to sell out and buy land in Garrard county. They were then very old and had no children nor descendants.

After contracting their lands in Leslie county to one Wilson for $2,000.00, James I. Helton came to Garrard county and entered into a contract for the purchase of a tract of about 180 acres from one Johnson and wife at the price of $2,500.00. Both deals were closed, deeds made, and entire purchase price paid in 1911. Wilson took possesion of the Leslie county lands under his purchase and the Heltons moved to and took possession of the Garrard county lands. The next year James I. Helton died intestate survived by his wife, Nancy, and several brothers and sisters and some nieces and nephews being his heirs at law. Soon thereafter appellant (plaintiff below) Granville Saylor, purchased from brothers and sisters of Helton and the descendants of such of them as were dead, a one-half undivided interest in the Garrard county lands, supposed to be that part which James I. Helton owned in the tract bought from Johnson. While the deed to Saylor referred to the portion purchased as one-half of the Garrard county lands, it undertook to convey all the interest which the said heirs had in and to said tract of land. After obtaining his deed Saylor instituted this action against Nancy Helton, the widow, for a partition of the lands, averring that she was the owner of a one-half undivided interest therein, and entitled to dower in the other one-half undivided interest. About this time a motion was entered to place the lands in the hands of the master commissioner as receiver to rent or lease and hold the proceeds subject to the further orders of the court. This motion was sustained and the lands leased by the commissioner. From this order Saylor appealed to this court and the judgment was reversed. (See opinion Saylor v. Helton, 190 Ky. 200.) In the meantime Granville Saylor filed an amended petition in which he averred that he was the sole owner of the tract of land in question, and that the widow, Nancy Helton, had only a dower interest therein. She filed answer controverting the claim of Saylor to the entire tract, but acknowledged he was the owner of a one-half undivided interest, but set up claim in herself to the other one-half undivided interest as well as dower in the half interest claimed by Saylor; that if the deed was not sufficient in form to vest her with a fee to a one-half undivided interest in said land then she asked a reformation of the deed. To this answer, insofar as it sought reformation, Saylor pleaded the statute of limitation. The case was then prepared and submitted, and, after argument of counsel was

concluded, the defendant, Nancy Helton, at the suggestion of the trial court filed an amended answer, counterclaim and cross petition by which she averred that she was the owner of a one-half undivided interest in the lands and a dower interest in the other one-half interest and "that she did not discover the mistake in the said deed from Sam Johnson and others to James I. Helton and Nancy Helton until the — day of August, 1919, and that she could not sooner have discovered the said mistake by the exercise of ordinary diligence and effort; that during the lifetime of her husband the deed was construed by her husband, James I. Helton, and herself to convey the title equally and jointly to herself and her husband, James I. Helton." That the plaintiff Saylor as well as all of the other persons interested in the land had construed the deed to convey the tract of land jointly and equally to defendant, Nancy Helton, and her husband, James I. Helton, and that she could not read or write, and did not know that there was any defect in the deed, or that there was any contention that she did not own a one-half undivided interest in the land until the plaintiff filed his second amended petition in August, 1919, and if there was a mistake in the deed by which she was conveyed less than a fee in one-half of the said land, said mistake was first discovered by her on the filing of plaintiff's amended petition in August, 1919, and could not have been sooner discovered by her by the exercise of ordinary diligence. The affirmative averments of this answer, counterclaim and cross petition were controverted of record and the case again submitted. The chancellor entered a decree reforming the deed so as to express the intention of the parties to it, and giving to the defendant, Nancy Helton, one-half undivided interest in the tract of land and dower in the other one-half undivided interest. From this judgment Saylor appeals.

The deed from Johnson and wife to James I. Helton and Nancy Helton, bearing date April 8, 1911, is so indefinite and uncertain in its terms as to cause confusion and to give rise to the claim of appellant Saylor to the whole tract of land, which claim resulted in this particular branch of the litigation. Insofar as it is relevant the deed from the Johnsons to the Heltons reads:

"This deed of conveyance made and entered into this 8th day of April, 1911, by and between Sam Johnson and Sarah Johnson, his wife, of Garrard county, Kentucky,

grantors and James I. Helton and his wife, Nancy Helton, of Leslie county, Kentucky, grantees.

"Witnesseth: That for and in consideration of the sum of twenty-five hundred ($2,500.00) dollars to grantors, cash in hand paid, the receipt of which is hereby acknowledged, do sell and convey unto *grantee, his assigns* and heirs a certain tract of land lying and being in Garrard county, Kentucky, on the waters of Harmon's Lick creek, and bounded as follows. (Here follows description).

"The said grantees are to have and to hold the land herein described with all its appurtenances thereon to him, the said James I. Helton, and his heirs and assigns forever."

It will be observed that the deed in its granting clause names "James I. Helton and his wife, Nancy Helton, of Leslie county, grantees." This is definite and certain, but in the same sentence is the following: "do sell and convey unto grantee, his heirs and assigns," which makes the granting clause somewhat indefinite and uncertain, for it would appear from the last phrase quoted that there is but one grantee, and that such person is masculine. The *habendum* clause reads: "The said grantees are to have and to hold the land herein described with all its appurtenances thereon to him, the said James I. Helton, and his heirs and assigns forever," which would clearly indicate that James I. Helton alone is the grantee, and that Nancy Helton took no part of the land in fee.

The evidence shows that James I. Helton owned a tract of about 100 acres of land in his own name in Leslie county, and that his wife, Nancy Helton, owned a junior survey, containing about 200 acres, adjoining that of her husband, and that when they decided to sell the Leslie county lands Helton priced it to Wilson at $15.00 per acre, intending to sell only that which he himself owned, but when Wilson came to the Helton home for the purpose of closing the deal at $15.00 an acre Helton declined to sell at that price but offered to take $20.00 per acre for it. Then Wilson asked Helton what he would throw in if he took the land at $20.00 per acre, to which Helton replied that he would give him certain household furniture then in the Helton home; he would also give him a number of beehives and bees, which were then on the premises, and finally agreed to give Wilson the junior survey owned by Nancy Helton. Wilson accepted this proposition and the Heltons made to Wilson two deeds, one for the tract

owned by James I. Helton, supposed to contain 100 acres, and the other for the junior survey of 200 acres owned by Nancy Helton. On this junior tract was some very fine timber and coal. It was at that time in litigation, but since the purchase by Wilson he has compromised by giving to the other claimant the coal and mineral in the land, and retaining for himself the land and timber. According to the evidence this timber is very fine and of great value. The $2,000.00 thus obtained by the Heltons for their Leslie county lands was, with $500.00 which they had saved, invested in the Garrard county lands. James I. Helton arranged with the Johnsons to meet him at Crab Orchard for the purpose of making the deed, which is now the subject of this litigation. When they came to write the deed there were present Mr. and Mrs. Sam Johnson, grantors; Captain Johnson and Mr. and Mrs. T. J. Chadwick and James I. Helton. Mrs. Chadwick was a notary public and prepared the deed. When asked to whom he desired the deed made James I. Helton said he believed he would have it made to a certain little girl, them about twelve or fourteen years of age, who lived in his home. Captain Johnson pointed out to Mr. Helton the unwisdom of having the title to his home in the young girl, who was likely to marry and to give him trouble. After some discussion Mr. Helton said to the scrivener, who was about to prepare the deed, "make it to me and Nancy," meaning to himself and wife, whereupon Mrs. Chadwick, who did the writing, undertook to prepare the deed from Mr. and Mrs. Sam Johnson to James I. and Nancy Helton, but being inexperienced in that character of work, made the mistake of adding in the granting clause, "do sell and convey unto grantee, his assigns and heirs," and in the *habendum* "to him, the said James I. Helton, and his heirs and assigns forever." All the evidence clearly shows that Nancy Helton furnished part of the consideration which went to the purchase of the Garrard county lands. She was not, therefore, a gratuitous grantee as claimed by appellant Saylor. It is also very plain that the deed prepared by Mrs. Chadwick does not truly express the intention of the parties, but by mistake of the draftswoman, James I. Helton and his heirs and assigns were made the sole takers and grantees in the *habendum* clause of the deed. Had she but omitted this and the expression, "grantee, his heirs and assigns," from the granting clause, the deed would have sufficed

to vest in James I. Helton and appellee, Nancy Helton, an equal joint interest in the Garrard county lands. This mistake was not discovered by James I. Helton during his lifetime, nor by his good wife, who survives him, until the appellant Saylor filed his amended petition in 1919. It was the intention of Helton to have the deed made to himself and wife jointly. He recognized his wife's right to a half interest in the land, and to the date of his death believed the deed, under which he held, vested his wife with a half interest in their homestead. On different occasions after the deed was made he recognized his wife as a joint owner with himself. All the persons present at the making of the deed understood and believed that the deed vested Nancy Helton with a half interest in the land. That was the intention and purpose of those engaged in drawing the deed. Even appellant Saylor, when he filed his suit, so construed the deed and averred that Nancy Helton was the owner of a one-half undivided interest in the land. Men learned in the law have differed about the proper construction to be placed upon the language of the deed, some holding that appellee, Nancy Helton, took an undivided half interest in the land, while others contended that a proper construction of the deed would not give her a fee to any part of the land. Under such circumstances it would be rank injustice to require an old lady without learning and with very little experience in the business world, to quickly construe and discover the mistake and defect in the deed under which she claims.

Appellant Saylor insists that Mrs Helton cannot have a reformation of the deed in question, (1) because she is a voluntary and gratuitous grantee, (2) the statutes of limitation, sections 2515 and 2519, bar her cause of action, if any she ever had. We have already disposed of the first contention of appellant, and his last contention is equally untenable. This deed was made in 1911 and the suit brought by Saylor in 1918. Under the statute, section 2515, an action for relief on the ground of fraud or mistake must be commenced within five years after the accrual of the right, and by section 2519 the cause of action is deemed to have accrued upon the discovery of the fraud or mistake, but in no event can such an action be commenced after the lapse of ten years from the happening of the fraud or mistake. Construing these sections together we have held that "if more than five years have

elapsed since the perpetration of the fraud or mistake, the plaintiff, in order to maintain his action, must *allege* and *prove* that he discovered the fraud or mistake within five years next before bringing the suit, and that he could not, with the use of reasonable diligence, have discovered it sooner." Brown v. Brown, 91 Ky. 639; Yaeger v. President, &c., 125 Ky. 177; Blakey v. Hanberry, 137 Ky. 283; Woods v. James, 87 Ky. 511. It was incumbent on Mrs. Helton not only to *allege* that she did not discover the mistake in the deed until within five years next before the filing of her answer, counterclaim and cross petition setting it forth, but that she *could not have sooner discovered it* by the exercise of diligence. Both her allegation and proof are sufficient. She did not discover, nor did anyone else so far as the record shows, that the deed was defective, and that the scrivener had made a mistake, and had employed words which would not vest her with a fee in one-half of the lands conveyed. She could not read, and if the deed had been read to her she could not have been expected to discover the mistake, especially when lawyers of great learning disagree about the meaning of the deed. As soon as she discovered that the appellant Saylor was claiming to own the entire tract of land and was putting a construction upon the deed different to that which she and her husband and all other persons connected with the property and interested in the transaction had placed upon the deed, she filed her counterclaim asking a reformation of the instrument, and this the chancellor properly granted under the facts of this case. There is not the slightest doubt that it was the intention of all the parties to the deed to convey a *fee simple* title to the 180 acres of land in Garrard county to James I. Helton and Nancy Helton jointly. With the facts so plain the chancellor wisely and justly held Nancy Helton entitled to a reformation of the deed so as to show her ownership of one-half undivided interest in the land, and he properly held her entitled to dower in the other half of the lands, the title to most of which is in appellant Saylor.

Judgment affirmed.