## Broyles v. Broyles.

(Decided Jan. 11, 1938.)

W. B. EARLY for appellant.

STEPHENS & STEELY for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

On September 17, 1931, Dora A. Broyles instituted this action against her husband, Walter Broyles, for divorce, alimony, and maintenance for herself and children. She alleged in her petition that in 1916 she purchased a tract of land for which she paid with money derived from the sale of timber from land inherited from her father, but that without her knowledge or consent her husband caused the title to be made jointly to himself and to her; that her husband paid no part of the purchase price; that thereafter in June, 1932, some of the tract of land so purchased by her was exchanged for other land and the deed for the land so received in exchange was likewise conveyed to herself and her husband. In addition to her prayer for divorce, alimony, etc., she asked that the deeds, in so far as they gave any interest to Walter Broyles, be canceled and the property be adjudged her property, etc.

In addition to a general denial of the allegations of the petition the defendant alleged in substance that his wife had knowledge that the deeds referred to in the petition had been made to them jointly, and, further, that he had made considerable expenditures in the improvement of the land with buildings, etc., and further interposed a plea of limitations to that part of the petition seeking to have plaintiff adjudged to be the sole owner of the land in controversy.

The issues were completed by pleadings traversing the affirmative allegations of the answer. After proof had been taken by the respective parties, plaintiff apparently relented and filed an amended petition withdrawing so much of her original petition as sought a

divorce from defendant, but asked that the deeds be canceled in so far as they attempted to put title to any of the real estate in the defendant. On final hearing she was adjudged the relief sought in that particular, and the defendant has prosecuted this appeal.

It is not denied by counsel for appellant that the lands in controversy were purchased with the proceeds of property derived by appellee by inheritance from her father. However, it is contended that since there was no judgment for divorce she was not entitled to restoration of the property as provided in section 425 of the Civil Code of Practice, and that there was no allegation or showing of fraud or mistake, but, if there was such a showing, appellee's cause of action was barred by limitations because the first deed in controversy was made more than 10 years before the institution of her action and the latter more than 5 years before the action was commenced. Ky. Stats., secs. 2519 and 2515. As supporting the contention that appellant's plea of limitations should be sustained, Saylor v. Helton, 194 Ky. 195, 238 S. W. 405, and Allen et al. v. Allen, 169 Ky. 22, 183 S. W. 228, are cited. But counsel overlooks the fact that at the time the deeds were made and up to and including the time the action was instituted, appellee was under the disability of coverture and that limitations did not run during the continuance of this disability. There is evidence to show that the name of appellant was inserted in the deeds without the knowledge or consent of appellee. It is true that she learned after the deeds had been recorded and delivered to her that the name of her husband had been inserted as a grantee and when she asked her husband why he did not have another deed made, he told her he wanted it put on record as he did not know what might happen. Of course, she might have instituted an action immediately to have the deed reformed, but her right to do so was not lost by lapse of time for reasons above indicated.

Section 2353, Kentucky Statutes, provides, in substance, that when a deed is made to one person and the consideration has been paid by another, no trust or use shall result in favor of the latter; but the statute expressly excepts cases in which the grantee shall have taken deed in his own name without the consent of the party paying the consideration. In the proven circumstances it is our conclusion that the chancellor did not

464

err in granting the relief sought by appellee in her petition as amended; but if any doubt remained concerning the correctness of the chancellor's conclusion it is made to appear by additional record filed that by subsequent proceedings appellee has been granted a divorce from her husband and would be entitled to a restoration of all her individual property.

Judgment affirmed.