RUSSELL et al. v. CLEMONS et al.

Court of Appeals of Kentucky.

Feb. 12, 1954.

Kash C. Williams, G. C. Allen, Jackson, for appellants.

O. J. Cockrell, Jackson, for appellees.

SIMS, Chief Justice.

John and Vina Russell were husband and wife. Vina died intestate and her children as her heirs at law filed a petition stating that John had died and they were the owners of an undivided one-half interest in 70 acres of land in Breathitt County by virtue of a deed they contend conveyed the land to John and Vina jointly. A general demurrer was sustained to the petition, they declined to plead further, the petition was dismissed and they appealed.

The sole question for decision is whether Vina took any interest in the land by virtue of a deed reading:

"This deed of conveyance, made and entered into this 29th day of June 1918, between Granville Noble and wife, Elizabeth Noble, party of the first part, and John C. Russell and wife, parties of the second part.

"Witnesseth: That said parties of the first part for and in consideration of the sum of Two Hundred Dollars in hand paid, being exchanged of land, the receipt of which is hereby acknowledged, I do hereby sell and convey to the party of the second part, his heirs and assigns, the following described property, to-wit: (Here follows description of land).

"To have and to hold the same, together with all the appurtenances thereunto belonging unto the party of the second part, his heirs and assigns forever, and the said party of the first part hereby covenants with the said party of the second part that they will warrant the title to the property hereby conveyed unto the said party of the second part and his heirs and assigns forever."

It will be noted that Vina's name nowhere appears in the deed. The caption refers to "John C. Russell and wife, parties of the second part." However, neither the granting nor the habendum clauses refers to any grantee by name. The granting clause uses these words, "sell and convey to the party of the second part, his heirs and assigns * * *." The habendum reads, "To have and to hold * * * unto the party of the second part, his heirs and assigns forever * * *."

▉▉▉▉ A cardinal rule in the construction of deeds is that the instrument will be looked at as a whole in order to ascertain the intention of the parties. Forrest v. Jones, 311 Ky. 830, 226 S.W.2d 10. Applying this rule to the deed under consideration we are convinced it was not the intention of the grantors or of the named grantee, John C. Russell, that the latter's wife, Vina, was to take any interest in the land described in the conveyance, because nowhere in the deed is Vina named and all reference to the grantee in the granting and habendum clauses is singular and the plural is never used. It is evident the draftsman of the deed was not skilled in writing such instruments and must have inserted the words "and wife", after naming John C. Russell in the caption, because it was necessary that the grantor's wife be named.

In Loughridge v. Ball, Ky., 118 S.W. 321, 323, the caption named as grantees "Chad B. Turner, and his wife, Mary Jane Turner". In the granting clause only Chad B. Turner was named. There was no habendum clause. It was there held that the wife took no interest under the conveyance, the court saying: "However, as her name occurs only in the caption, this must be held a conveyance to Chad B. Turner alone."

In Saylor v. Helton, 194 Ky. 195, 238 S.W. 405, 406, the caption of the deed reads, "James I. Helton and his wife, Nancy Helton * * * grantees." The granting clause is, "do sell and convey unto grantee, his heirs and assigns". The habendum reads, "the said grantees are to have and to hold * * * to him, the said James I. Helton and his heirs and assigns forever". While the opinion does not state in so many words that the deed conveyed the land to Mr. Helton alone and that his wife took nothing under it, yet it so holds, and this court reformed the deed to conform to the intention of the parties so that it would convey Mrs. Helton a one-half undivided interest in the land described therein.

Under the general rule that a deed must be construed as a whole and under the Saylor and Loughridge opinions, we conclude that the words "and wife" appearing after the name of the grantees in the caption, without naming Vina anywhere in either the granting or the habendum clauses, were not sufficient to convey Vina any interest in this land.

The judgment is affirmed.