Margaret Wells **HERNANDEZ** et al., etc.,
Appellants,

v.

Eugene **DANIEL**, Appellee.

Court of Appeals of Kentucky.

Sept. 24, 1971.

Robert J. Greene, Perry & Greene, Paintsville, for appellants.

M. O. Wheeler, Eugene C. Rice, Stephen N. Frazier, Paintsville, for appellee.

VANCE, Commissioner.

This appeal is from a portion of a judgment which granted reformation of a deed. During their marriage, the appellee, Eugene Daniel, and his second wife, Daisy Daniel, purchased a dwelling house in which they resided until Daisy died in 1965. The property was conveyed to them jointly in 1924 without right of survivorship. Daisy also became the sole owner in 1944 of an apartment building which adjoined their dwelling house. The deeds were promptly recorded.

At her death Daisy left a will which devised her real property to her granddaughter, the appellant, Margaret Wells Hernandez, leaving to her surviving husband a life estate in her one-half interest in the dwelling house only.

The surviving husband renounced the will and instituted this action to reform the

deed of conveyance to the extent that he would become the sole grantee of the dwelling house and a joint grantee with his deceased wife, Daisy Daniel, of the apartment house.

This action was filed in 1965.

The statute of limitations was pleaded as a defense to the action. The case was tried by the Judge of the Johnson Circuit Court without jury and the judgment directed that the deed to the dwelling house be reformed to vest sole ownership in the appellee. The judgment denied the requested reformation of the deed to the apartment building and the estate of Daisy Daniel was adjudged to be the sole owner thereof.

The appellee, Eugene Daniel, has not cross-appealed and the judgment with respect to the apartment building is not in issue.

KRS 413.120(12) provides that an action for relief or damages on the ground of fraud or mistake shall be commenced within five years after the cause of action accrues.

KRS 413.130(3) provides:

"In an action for relief or damages for fraud or mistake, referred to in subsection (12) of KRS 413.120, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake. However, the action shall be commenced within ten years after the time of making the contract or the perpetration of the fraud."

Eugene Daniel claimed that his wife, Daisy, attended to the execution of the deeds in question; that the dwelling house was paid for solely by him and that the deed of conveyance was supposed to have been executed to him as the sole grantee; that Daisy understood this and he trusted her to have the instrument executed in that manner; that by mistake Daisy's name was designated as a grantee in the deed; that

Daisy placed the deed in her lockbox and he never saw the instrument; that he did not check the recorded deed because he trusted his wife; that he did not know until after her death that she was designated as a grantee of the property and that if he had known it, he would have brought action to reform the deed during her lifetime.

The five-year statute of limitations set forth in KRS 413.120(12) does not commence to run until the alleged fraud or mistake is discovered or, in the exercise of reasonable diligence, should have been discovered. When a confidential relationship exists between the parties, however, the statute does not begin to run until actual discovery of the fraud or mistake. Constructive notice such as the recordation of the instrument containing the mistake is not sufficient to commence the operation of the statute. McMurray v. McMurray, Ky., 410 S.W.2d 139 (1966) and Lemaster v. Caudill, Ky., 328 S.W.2d 276 (1959).

Appellee Daniel claims the statute of limitations is not operative as a bar to his claim because his action was instituted within five years of the actual discovery of the alleged mistake. His argument, however, does not take into account the ten-year period of limitation set forth in KRS 413.130(3).

None of the cases cited by appellee involves a construction of the ten-year statute. In Allen v. Allen, 169 Ky. 22, 183 S.W. 228 (1916), a case which involved a mistake which was not discovered until the lapse of more than ten years, we said:

"While the statute of limitations begins to run against a cause of action arising from a mistake at the time when the mistake, by ordinary diligence, should have been discovered, yet an action will not lie at all after 10 years from the making of the mistake. (Citing cases) * * *."

See also Hollifield v. Blackburn, 294 Ky. 74, 170 S.W.2d 910 (1943).

In Lemaster v. Caudill, supra, a case cited by appellee, we noted that the question of the ten-year statute was not presented by the facts but said:

"* * * Ordinarily we believe that if no matters of estoppel are shown, the ten year period would preclude any suit resulting from the perpetration of a fraud."

No issue of estoppel is presented by this appeal. Karrick v. Wells, Ky., 307 S.W.2d 929 (1957) is not authority for appellee's position because the issue therein was neglect rather than limitation.

We believe the appellee's cause of action was barred by KRS 413.130(3) and that portion of the judgment which adjudged him to be the sole owner of the dwelling house, or home place as it was referred to in the evidence, is erroneous.

The judgment is reversed. A new judgment shall be entered as directed herein.

All concur.