RENDERED:  SEPTEMBER 16, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1498-MR

FRANK CRAIG, III AND RUSSELL
CRAIG                                                                            APPELLANTS


                         APPEAL FROM JEFFERSON CIRCUIT COURT
v.             HONORABLE SUSAN SCHULTZ GIBSON, JUDGE
                         ACTION NO. 19-CI-004051


DAVID JOSEPH CRAIG AND LISA
CRAIG                                                                              APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, CETRULO, AND COMBS, JUDGES.

COMBS, JUDGE:  This appeal is taken from a dispute among three brothers as to

ownership of a parcel of real property following the death of their mother.

Brothers, Frank Craig III and Russell Craig, filed suit against their brother, David

Craig, and his wife, Lisa, alleging fraud on their part with respect to the property at

issue.

The Jefferson Circuit Court entered summary judgment in favor of David and Lisa. In appealing from that summary judgment, Frank and Russell contend that the circuit court erred by concluding that their fraud action was barred by the statute of limitations. After our review, we affirm.

Bobbie Brutscher was the wife of Paul Brutscher and the mother of Frank, Russell, and David Craig. On August 14, 2013, Bobbie, a Louisville resident, executed a deed to property that she had inherited on Dell Road in Louisville to David and herself as joint tenants with right of survivorship. The deed was duly recorded on August 21, 2013. On November 26, 2013, a deed of correction was executed by Bobbie -- joined now by her spouse, Paul -- that again conveyed the Dell Road property to Bobbie and David as joint tenants with right of survivorship. This deed was recorded on February 12, 2014.

Paul died in March 2016. After Paul's death, Bobbie left Louisville to live with son Frank in Lockport, Illinois, where she decided to revise her estate plan. On July 20, 2016, Bobbie created the Bobbie Sue Brutscher Living Trust. Virginia Resendiz, an Illinois resident, was designated to act as trustee upon Bobbie's death. Pursuant to the terms of the revocable trust, all three of Bobbie's sons would participate equally in the division of the trust estate after certain gifts were made to Resendiz. Bobbie executed a pour-over will on July 21, 2016.

-2-

On July 22, 2016, Bobbie's estate planning attorney corresponded by e-mail with David. The attorney advised him that the living trust had been created and that she had recommended to Bobbie that the Dell Road property be conveyed to the trust. The attorney requested David to sign a deed (already executed by his mother) conveying the Dell Road property to the trust. However, David did not sign this deed.

Bobbie died in May 2017. Resendiz became trustee pursuant to the terms of the trust and was appointed executrix of Bobbie's estate in June 2017.

On July 2, 2019, Resendiz, in her capacity as trustee of the living trust and executrix of Bobbie's estate, filed an action for fraud against Frank, Russell, David, and Lisa (David's wife). The Estate and Trust alleged that David had fraudulently acquired the Dell Road property by intentionally misleading Bobbie to believe that deeding the property to both of them with right of survivorship "was an efficient way to avoid probate, save expenses and taxes to her estate," while allegedly promising to give to Frank and Russell each a one-third interest in the disputed property. The Estate and Trust claimed that David never meant to give his brothers any interest in the property, intending instead, "to keep the real estate as his own to the exclusion of his brothers[.]"

The Estate and Trust alleged that in conjunction with her living trust, Bobbie prepared a deed with the expectation that David would execute it and

restore the Dell Road property to her sole control. The Estate and Trust sought to have the 2013 deed set aside. David and Lisa answered and denied the allegations. They asserted that the action had been filed out of time. Additionally, they filed a counterclaim for slander of title.

In November 2019, David and Lisa filed a motion for partial summary judgment. By order entered on April 21, 2020, the Jefferson Circuit Court granted their motion. The court reasoned that the disputed property was not and never had been part of the trust or the estate and concluded that Resendiz as trustee of the trust and executrix of Bobbie's estate lacked standing to pursue the action. Additionally, the court observed that the action had been filed outside the five-year period of limitations. The claim was dismissed with prejudice. The order was designated final and appealable, there being no just cause for delay. No appeal was filed.

In October 2020, Frank and Russell, as Bobbie's heirs, filed a complaint against David and Lisa. They alleged that David never informed them that the August 2013 deed existed and that David meant, in fact, to keep the transaction secret. They alleged that David obtained the deed by fraud and "intended to keep the real estate as his own to the exclusion of his brothers[.]"

David and Lisa answered and denied the allegations. They asserted that this lawsuit had been filed out of time. Additionally, they filed a counterclaim

alleging -- among other things -- a claim for wrongful use of civil proceedings. David and Lisa filed a motion to consolidate the two actions; Frank and Russell answered the counterclaim.

The separate actions were consolidated by order of the court entered in May 2021. David and Lisa filed a motion for summary judgment arguing that the action had been filed outside the period of limitations. Frank and Russell opposed the motion, arguing, in part, that in view of the close and confidential relationship that existed between David and his mother, Bobbie, the period of limitations did not begin to run against them until the alleged fraud was discovered by them all in 2016. They contended that "Bobbie wholeheartedly trusted [David] when she took his advice as how to properly secure her assets." But in 2016, "she discovered his advice was not given for her best interest, but rather as part of a fraudulent scheme to convey the interest in the property solely to him."

Following a hearing, the circuit court concluded as a matter of law that the fraud claim asserted by Frank and Russell accrued more than five years before the action against David and Lisa was commenced in October 2020. Consequently, it ordered that the fraud claim be dismissed. The order was designated as final and appealable, there being no just cause for delay. This appeal followed.

On appeal, Frank and Russell argue that the circuit court erred by failing to conclude as a matter of law that their cause of action accrued only after David's alleged fraud was discovered in 2016.

KRS[1] 413.120(11) provides a five-year period of limitations for claims of fraud and mistake. However, KRS 413.130(3), a statute of repose, tolls the limitations period until the fraud or mistake is discovered:

> In an action for relief or damages for fraud or mistake, referred to in subsection (11) of KRS 413.120, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake. However, the action shall be commenced within ten (10) years after the time of making the contract or the perpetration of the fraud.

The recording of a deed allegedly obtained by fraud constitutes constructive notice to all the world. *Loy v. Nelson*, 201 Ky. 710, 258 S.W. 303 (1924). Consequently, a grantor is generally required to bring an action to set aside a disputed deed within five years of the recording of the deed. However, where a confidential relationship exists between the parties, the limitations period is tolled until actual discovery of the fraud or mistake. *Hernandez v. Daniel*, 471 S.W.2d 25 (Ky. 1971). Under those circumstances, constructive notice, such as the recordation of the deed, is not sufficient to trigger commencement of the statute of

---

[1] Kentucky Revised Statutes.

limitations. *Id.* at 26 (citing *McMurray v. McMurray*, 410 S.W.2d 139 (Ky. 1966) and *Lemaster v. Caudill*, 328 S.W.2d 276 (Ky. 1959)).

Frank and Russell argue that the close and confidential relationship between Bobbie and David meant that their mother "had no reason to check up into what [David] was doing to ensure it actually met her intentions" and that it was not until 2016 that she (as well as they) discovered that "David had fraudulently persuaded Bobbie" to execute the disputed deed. They argue that the confidential relationship between mother and son served to toll the limitations period until Bobbie and they discovered David's alleged fraud.

In essence, Frank and Russell would have the Court disregard our rule that recording of the deed in 2013 (and the deed of correction in 2014) provided them with constructive notice of an alleged fraud on the basis that their mother and David shared a confidential relationship. However, Frank and Russell did not participate in that confidential relationship nor did they benefit vicariously from the tolling exception entailed in that relationship.

Any arguable action for alleged fraud that Frank and Russell might have asserted against David accrued when the fraud became discoverable by them upon the exercise of ordinary diligence. They were not relieved of a **duty to discover the recorded deeds** reflecting a conveyance of property from the Brutschers to David by virtue of the nature of the relationship that existed between

their brother and their mother. David's relationship with his mother had no bearing on the tolling of the statute of limitations with respect to Frank and Russell. Consequently, the circuit court did not err by concluding that the fraud claim asserted by Frank and Russell was clearly filed out of time as a matter of law.

We affirm the summary judgment and the order dismissing the action of Frank and Russell against David and Lisa.


ALL CONCUR.


BRIEF FOR APPELLANT:

Thomas K. Stone
Louisville, Kentucky

BRIEF FOR APPELLEE:

Daniel M. Oyler
Edward H. Bartenstein
Louisville, Kentucky